**MALAMUT & ASSOCIATES, LLC**
Adam S. Malamut -  019101999
Keith J. Gentes -      036612009
Primitivo J. Cruz -   017652012
Mark R. Natale -     071292014
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

| | |
|---|---|
| NICOLE OLSEN, COURTNEY HOLLAND, CYNTHIA COLE, JENNIFER CHANCEY, individually and for others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RATNER COMPANIES, L.C. d/b/a HAIR CUTTERY, BUBBLES THE COLOR SALON, SALON CIELO, CIBU, SALON PLAZA, PAUL MITCHELL THE SCHOOL, PHIL HORVATH, DENNIS RATNER, JOHN/JANE DOES 1-10, fictious persons, ABC CORP. 1-10, fictitious entities<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br>1:20-cv-03760-RBK-JS<br><br>*Civil, Collective, and Class Action*<br>SECOND AMENDED COMPLAINT |

Plaintiff, Nicole Olsen, by and through her attorneys Malamut & Associates, LLC, complaining of the defendants, deposes and says:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Nicole Olsen is an adult individual who at all times material hereto resided in the State of New Jersey.  She has been employed by the Defendants as a Hair Stylist since 1994.

2. Plaintiff Courtney Holland is an adult individual who at all times material hereto resided in the Commonwealth of Virginia. She was employed by the Defendants as a hair stylist.

1

3. Plaintiff Cynthia Cole is an adult individual who at all times material hereto resided in the State of Maryland. She is employed by the Defendants as a hair stylist.

4. Plaintiff Jennifer Chancey is an adult individual who at all times material hereto resided in the State of Florida. She was employed by the Defendants as a hair stylist.

5. Defendant Ratner Companies Inc., is a Virginia corporation with its principal place of business in Virginia whom, through itself and other corporate subsidiaries, owns and operates hair salons doing business as Hair Cuttery, BUBBLES the Color Salon, Salon Cielo, CIBU, The Plaza, and Paul Mitchell The School (hereinafter "Ratner Companies"). Upon information and belief, it owns and operates businesses in sixteen (16) states, including New Jersey.

6. Defendant Phil Horvath is and was, at all relevant times, the President and COO of Ratner Companies.

7. Defendant Dennis Ratner is and was, at all relevant times, the founder and CEO of Ratner Companies.

8. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of Ratner Companies, its corporate subsidiaries, or its branch locations, who caused the harms described to the Plaintiff and similarly situated employees below.

9. This Court has subject matter jurisdiction over Plaintiff's Fair Labor Standard Act claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, et. seq.

10. This court has supplemental jurisdiction over Plaintiff Olsen's state law claims under the

New Jersey Wage Payment Law, and Plaintiff Cole's state law claims under the Maryland Wage Payment and Compensation Law, through supplemental jurisdiction, 28 U.S.C. § 1367.

11. This court has personal jurisdiction over the Defendants because they conduct business at numerous locations in the District of New Jersey, and have availed themselves to the jurisdiction of this district.

12. Venue for this action properly lies in this court because a substantial portion of the events that give rise to Plaintiff's claims occurred in this district.

13. FACTUAL BACKGROUND

14. On or about March 21, 2020, in response to the COVID-19 crisis, Defendants ceased operations at all of their retail locations across the country.

15. This action came in the middle of a pay period that originally began on March 15, 2020.

16. Plaintiffs Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey and employees similarly situated to them, worked one or more days between March 15, 2020 and when their stores ceased operations, on or before March 21, 2020.

17. Plaintiffs and employees similarly situated to them are paid through commissions with a guaranteed minimum wage. The employees are paid a percentage of the revenue they generate for the salon during their shift. The percentage is dependent on the employee's position.

18. If an employee does not reach minimum wage through this structure for any given shift, then that employee is paid minimum wage for that shift.

19. For the shifts worked between March 15, 2020 and March 21, 2020, Plaintiffs and employees similarly situated to them were supposed to be paid on April 7, 2020.

20. While the company had ceased operations, they released conflicting information about how the employees would be paid.

21. First Defendants told Plaintiffs' and their fellow employees that each would be paid for the hours they worked, and they could use their accrued Paid Time Off to make up for the days the store was not open.

22. Then, Defendants informed the Plaintiffs' and other employees that they could not use their paid time off.

23. Until finally, Defendants disclosed to Plaintiffs and their fellow employees that Defendants would not be paying any wages owed at all for the hours they worked between March 15, 2020 and March 21, 2020.

24. On or about April 3, 2020, Defendants Phil Horvath and Dennis Ratner explained in a video released to employees that Plaintiffs and Defendants' other employees would not be getting paid on April 7, 2020.

25. In the video, Defendants Horvath and Ratner claim that they were waiting for federal funding, and that they could not pay Plaintiffs and their employees until such funding was received or after the company restores operations.

26. Specifically, Defendant President and COO Phil Horvath notified Plaintiffs and similarly situated employees via video message "At this time, we are not able to fund any amount on the paychecks due on April 7. This includes all of you in the salons, our leaders in the field, and the team here at the Resource Center."  See Figure 1, Excerpted Screenshots from April 3, 2020 video sent to Plaintiffs and similarly situated employees.

*Figure 1. Excerpts from April 3, 2020 video message from Defendant Ratner Companies' President and*

  

*COO Phil Horvath to Plaintiffs and similarly situated employees.*

27. Subsequently, on April 7, 2020, Plaintiffs and employees similarly situated were not paid the wages they were due.

28. Plaintiffs and employees similarly situated were not paid at least the minimum wage for the hours they worked from March 15, 2020 to March 21, 2020.

## FIRST COUNT
## FLSA COLLECTIVE ACTION

29. Plaintiff repeats and realleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

30. Defendants failed to pay Plaintiffs and employees similarly situated to them the minimum wage when due for the hours they worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 216 et seq.  ("FLSA").

31. At all relevant times, Defendants were subject to the requirements and obligations of the FLSA.

32. At all relevant times, Defendant Ratner Companies, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

33. At all relevant times, Defendant Ratner Companies, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

34. At all relevant times, Defendants gross revenues were in excess of $500,000 per year.

5

35. At all relevant times, Defendants Hovarth and Ratner were individuals with significant ownership interest in Defendant Ratner Companies, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

36. For example, Dennis Ratner was the founder and CEO of Ratner Companies.

37. Dennis Ratner was an active, and not passive, owner, founder, and CEO.

38. Upon information and belief, Dennis Ratner had an active role in the day to day operations of his business.

39. Upon information and belief, Dennis Ratner maintained the power to hire and fire employees.

40. Dennis Ratner appeared in the video wherein employees were notified that they would not be receiving their pay.

41. Based on his own statements in the aforementioned video, it is clear that Dennis Ratner played a role in deciding not to pay Plaintiffs and similarly situated employees.

42. Similarly, Defendant Phil Hovarth had an active role in the company.

43. Since joining the company Defendant Phil Hovarth made numerous changes to not only the corporate structure, but the day to day operation of the retail branches.

44. Upon information and belief, Defendant Phil Hovarth maintained the ability to hire and fire employees.

45. Defendant Phil Hovarth was featured in the video that informed employees they would not be paid.

46. Based upon his own admissions in that video, Defendant Phil Hovarth played a role in deciding not to pay the employees.

47. Thus, both Defendants Phil Hovarth and Dennis Ratner are individually liable under the FLSA.

48. At all relevant times, Plaintiff and similarly situated employees were "employees" of the Defendants under the FLSA.

49. Thus, at all relevant times, Defendants were liable under the FLSA for the rights and obligations owed to the Plaintiff and similarly situated employees.

50. Plaintiffs bring this action pursuant to the Collective Action Provision of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and similarly situated employees, defined as:

> "Employees of Ratner Companies who worked any time from March 15, 2020 to March 21, 2020 and were not fully and fairly compensated for their hours worked."

Plaintiff reserves the right to amend the collective action definition.

51. A collective action is appropriate because the employees as described above perform the same or similar job functions, were subject to the same or similar unlawful practices, and have claims that are based on the same or similar factual and legal theories.

52. A precise number of members of the collective is currently unknown but would be easily computed by looking at Defendants' payroll records. Upon information and belief, the amount of employees in the collective far exceeds 100.

53. Defendants failure to pay Plaintiffs and similarly situated employees was a universal policy that did not depend on the personal circumstances of any individual Plaintiff or member of the collective.

54. As a result of the foregoing, Plaintiffs and employees similarly situated to them were denied the wages they earned, and were denied the minimum wage, in such amounts determined at trial, and are entitled to recovery of total unpaid amounts, liquidated

damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216 (b).

**WHEREFORE**, Plaintiffs Nicole Olsen, Courtney Holland, Cynthia Cole, and Jennifer Chancey individually and on behalf of all other similarly situated employees, respectfully requests the court grant the following relief:

- Designation of this action as a collective action on behalf of the previously described collective and issuance of prompt notice as required under the FLSA.
- Appointing the Plaintiff and her counsel to represent the Collective Action Members.
- Ordering Defendants to produce in digital format the names and addresses of all members of the above described collective.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated employees who co-opt into this action.
- An award of damages for all unpaid wages.
- An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay the minimum wage and/or failure to pay the minimum wage on time when it was due.
- Judgement for any and all civil penalties the Plaintiff may be entitled.
- An award of costs and expenses of this action together with reasonable attorneys and expert fee.
- An incentive award for Plaintiff pursuant to FLSA.
- Such other and further relief as this court deems just and proper.

## ND COUNT
## New Jersey Wage Payment Law

55. Plaintiff, Nicole Olsen, repeats and realleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

56. Plaintiff brings this count on behalf of herself and all similarly situated New Jersey employees of Defendant Ratner Companies, its corporate subsidiaries, and its corporate branches.

57. Plaintiff and similarly situated New Jersey Employees bring this count for violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et. seq.

58. The New Jersey Wage Payment Law requires the full amount of wages due at least twice during each calendar month, or regular paydays designated in advance by the employer.

59. Defendant Ratner Companies established designated paydays for its New Jersey employees.

60. New Jersey employees were designated to get paid on April 7, 2020 for hours worked between March 15, 2020 and March 28, 2020.

61. Due to the COVID-19 crisis, all New Jersey retail locations controlled by Ratner Companies closed on or before March 21, 2020.

62. However, Plaintiff and similarly situated employees worked from March 15, 2020 to March 21, 2020.

63. On or about April 3, 2020, Plaintiff and similarly situated New Jersey Employees were informed by the company that they would not be paid the full amount due to them on April 7, 2020.

64. As they were told, on April 7, 2020 Plaintiff and similarly situated New Jersey employees

were not paid the full amount due to them.

65. At all relevant times, Defendant Ratner Companies was an employer under the New Jersey Wage Payment Law.

66. At all relevant times, Defendants Hovarth and Ratner were individual "employers" under the Wage Payment law, as they were agents who controlled and managed the corporation.

67. At all relevant times, Plaintiff and similarly situated employees were "employees" under the New Jersey Wage Payment Law.

68. A class action is the appropriate vehicle for this action because the number of affected employees is not readily known, the employees all suffered the same harm irrespective of their own personal facts or circumstances, and the harm caused to each individual class member requires the resolution of the same factual and legal issues.

69. Thus, Defendants Ratner Companies, Hovarth, and Ratner are liable to the Plaintiff and a class of similarly situated New Jersey employees under the New Jersey Wage Payment Law.

70. The Plaintiff and similarly situated New Jersey employees are thus entitled to the full amount of wages due, as well as liquidated damages of two hundred (200) percent of the amount of wages due, under the New Jersey wage Payment Law.

   **WHEREFORE**, Plaintiff Nicole Olsen individually and on behalf of all other similarly situated employees , respectfully requests the court grant the following relief:

   - Designation of this action as a class action on behalf of the previously described class.

   - Appointing the Plaintiff and her counsel to represent the Class Members.

- Ordering Defendants to produce in digital format the names and addresses of all members of the above described class.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated New Jersey employees.
- An award of damages for all unpaid wages.
- An award for liquidated damages equal to two hundred (200) percent of the unpaid wages due.
- Judgement for any and all civil penalties the Plaintiff may be entitled.
- An award of costs and expenses of this action together with reasonable attorneys and expert fee.
- Such other and further relief as this court deems just and proper.

## THIRD COUNT
## Maryland Wage Payment and Collection Law Class Action

71. Plaintiff Cynthia Cole repeats and incorporates all of the facts and all of the allegations made above as if set forth herein.

72. Plaintiff brings this count on behalf of herself and all similarly situated Maryland employees of Defendant Ratner Companies, its corporate subsidiaries, and its retail branches, who worked any time between March 15, 2020 and March 21, 2020 and have not been paid for the hours worked.

73. Defendant Ratner Companies established designated pay days for its Maryland employees.

74. Maryland employees were supposed to get paid on April 7, 2020, for a pay period that included March 15, 2020 through March 21, 2020.

75. Due to the COVID-19 crisis, upon information and belief, all Maryland retail locations were closed on or before March 21, 2020.

76. This closure cut the pay period for the April 7, 2020 payday in half.

77. However, Plaintiff and similarly situated employees still worked during the first half of that pay period.

78. On or about April 3, 2020, Plaintiff and similarly situated employees were told in a video by Defendants Phil Hovarth and Dennis Ratner they would not be paid for the hours they worked.

79. On April 7, 2020, Plaintiff and similarly situated employees were not paid any wages for the hours they worked.

80. Plaintiff and similarly situated employees were not paid in violation of the Maryland Wage Payment and Collection Law.

81. All all relevant times, Defendant Ratner Companies was an "employer" under the Maryland Wage Payment and Collection Law.

82. At all relevant times, Defendants Phil Hovarth and Dennis Ratner were individual employers under the Maryland Wage Payment and Collection Law.

83. A class action is the appropriate vehicle for this action because the number of affected employees is not readily known, the employees all suffered the same harm irrespective of their own personal facts or circumstances, and the harm caused to each individual class member requires the resolution of the same factual and legal issues.

84. Defendants Ratner Companies, Phil Hovarth, and Dennis Ratner are liable to Plaintiff Cynthia Cole and a class of similarly situated employees under the Maryland Wage Payment and Collection Law for the full amount of wages due, plus any appropriate

damages.

**WHEREFORE**, Plaintiff Cynthia Cole individually and on behalf of all other similarly situated Maryland employees , respectfully requests the court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.
- Appointing the Plaintiff and her counsel to represent the Class Members.
- Ordering Defendants to produce in digital format the names and addresses of all members of the above described class.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated Maryland employees.
- An award of damages for all unpaid wages.
- An award for liquidated damages equal to three times the amount of unpaid wages due.
- Judgement for any and all civil penalties the Plaintiff may be entitled to.
- An award of costs and expenses of this action together with reasonable attorneys and expert fee.
- Such other and further relief as this court deems just and proper.

**FOURTH COUNT**
**Fictitious Entities**

85. Plaintiffs repeat and reallege all of the facts and all of the allegations made above as if set forth at length herein.

86. ABC Companies 1-10 are corporate entities, thus far unknown, who owned, controlled,

operated, or managed any corporate subsidy or branch of Ratner Companies, and were responsible for the day to day management and payment of employees.

87. John Does 1-10 and Jane Does 1-10 represent fictitious individuals who owned, operated, supervised, were involved in the day to day operation, and were involved in the payment of employees for Ratner Companies and / or ABC Companies 1-10.

88. ABC Companies aided, abetted, participated in, and carried out the above described violations of the Fair Labor Standard Act, New Jersey Wage Payment Law and the Maryland Wage Payment and Compensation Law such as to create liability against them.

89. John Does 1-10 aided, abetted, participated in, and carried out the above described violations of the Fair Labor Standard Act, New Jersey Wage Payment Law and the Maryland Wage Payment and Compensation Law such as to create individual liability against them.

90. As such, the Plaintiff, the FLSA Collective, the class of similarly situated New Jersey employees, and the class of similarly situated Maryland employees, demands judgment against ABC Companies 1-10, and John and Jane Does 1-10, for unpaid wages, liquidated damages, attorneys fees, incentives, and all other awards that the court deems just.

**WHEREFORE**, Plaintiffs Nicole Olsen, Courney Holland, Cynthia Cole, Jennifer Chancey, individually and on behalf of all other similarly situated employees, respectfully requests the court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.
- Appointing the Plaintiff and her counsel to represent the Class Members.

- Ordering Defendants to produce in digital format the names and addresses of all members of the above described class.

- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated New Jersey employees.

- An award of damages for all unpaid wages.

- An award for liquidated damages equal to two hundred (200) percent of the unpaid wages due.

- Judgement for any and all civil penalties the Plaintiff may be entitled.

- An award of costs and expenses of this action together with reasonable attorneys and expert fee.

- Such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff Nicole Olsen, individually and behalf of the collective and class described above, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rule of Civil Procedure.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Upon information and belief, the aforementioned claims and controversies are not the subject of any pending litigation nor related to any pending litigation.

Respectfully Submitted,

**MALAMUT AND ASSOCIATES, LLC**

/s/Adam Malamut, Esquire

*Attorneys for Plaintiffs*

date: April 7, 2020