NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NICOLE OLSEN, *et al.*, | : |
| Plaintiffs, | : Civil No. 20-03760 (RBK/KMW) |
| v. | : **OPINION** |
| RATNER COMPANIES, L.C. d/b/a HAIR CUTTERY, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon (1) Defendant Phil Horvath's Motion to Dismiss (Doc. 40) and (2) Defendant Dennis Ratner's Motion to Dismiss (Doc. 41). For the reasons stated herein, Defendant Horvath's Motion is **GRANTED,** and Defendant Ratner's Motion is **GRANTED**.

**I.    BACKGROUND**

This action arises out of an employment dispute. Plaintiffs are several individuals who were and/or are employed as hair stylists at salons owned and operated by Defendant Ratner Companies, Inc. (Compl. ¶¶1–6.) Defendant Phil Horvath was, at all relevant times, the President and COO of Ratner Companies. (Compl. ¶7.) Defendant Dennis Ratner was the founder and CEO of Ratner Companies. (Compl. ¶8.) Plaintiffs allege that, in response to the COVID-19 pandemic, Defendants ceased operations at their retail locations across the country on March 21, 2020. (Compl. ¶14.) Plaintiffs allege that they worked shifts between March 15, 2020 and March 21, 2020 but were not paid for these shifts. (Compl. ¶¶19, 23.) Based on the failure to pay wages,

Plaintiffs brought the present suit alleging violations of (1) the Fair Labor Standards Act; (2) New Jersey wage and payment laws; (3) Maryland wage payment and collection laws; and (4) Illinois wage payment and collection laws. Plaintiffs filed this case in the United States District Court for the District of New Jersey. (Doc. 1.) Defendants Phil Horvath and Dennis Ratner ("Horvath" and "Ratner" or "Individual Defendants") filed the present Motions to Dismiss, alleging that this Court lacks personal jurisdiction over them. (Docs. 40, 41.) Plaintiffs opposed. (Doc. 52.)

## II.  LEGAL STANDARD

### A. Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant raises a personal jurisdictional objection, the plaintiff bears the burden of showing that jurisdiction is proper. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)). It is insufficient to rely on the pleadings alone; rather, a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir.1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)); s*ee also N. Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 688 (3d Cir. 1990) ("A determination of minimum contacts is based upon findings of fact.").

To determine whether it may exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. *Id.*; *see also Marten v. Godwin*, 499 F.3d 290, 296

(3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). Second, the court must apply the principles of due process. *IMO Indus., Inc.*, 155 F.3d at 259. In New Jersey, this inquiry is combined into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. *Id.*; *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)) ("The New Jersey long–arm rule extends to the limits of the Fourteenth Amendment Due Process protection."). Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank*, 819 F.2d at 437 (internal citations and quotations omitted).

A plaintiff may establish personal jurisdiction by proving the existence of either specific or general jurisdiction. *Id.* To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." *Id.* On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." *Id.* (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985); *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877 (3d Cir. 1981)).

### III. DISCUSSION

Defendants Horvath and Ratner argue that this Court lacks personal jurisdiction over them because the Court has neither general jurisdiction nor specific jurisdiction. The Court addresses each point in turn.

### A. General Jurisdiction

Courts have general jurisdiction over individuals when a defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). "[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citations omitted).

A review of the pleadings demonstrates that the Court undoubtedly lacks general jurisdiction over each Defendant. Mr. Horvath resides in Ashburn, Virginia. (Horvath Decl. ¶4.) Horvath served as President and Chief Operating Officer at Ratner Companies' headquarters located in Virginia. (Horvath Decl. ¶2.) Horvath has never resided, held a driver's license, owned property, or otherwise lived in New Jersey. (Horvath Decl. ¶4.) The only contacts Horvath is alleged to have had with New Jersey is travel to the state approximately once a year. (Horvath Decl. ¶3; *see also generally* Compl.) Similarly, Defendant Ratner was the CEO and Chairman at Ratner Companies' headquarters in Virginia. (Ratner Decl. ¶2.) The only contacts Ratner is alleged to have had with New Jersey is occasional travel to the state for business purposes. (Ratner Decl. ¶5; *see also generally* Compl.) Ratner has never held a driver's license, owned property, or otherwise lived in New Jersey. (Ratner Decl. ¶6.) Based on these limited contacts, the Court cannot deem Horvath and Ratner "at home" in New Jersey. As such, the Court lacks general jurisdiction over the Individual Defendants.

### B. Specific Jurisdiction

To determine whether a court possesses specific jurisdiction over a defendant, the Court must conduct a three-step inquiry. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317

(3d Cir. 2007). First, the court must consider whether a defendant "purposefully directed [its] activities" at the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the court considers whether the litigation "arose out of or relates to" at least one of those activities. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 (1984)). Third, if those requirements are met, the court must consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Id.* (citing *Burger King*, 471 U.S. at 476).

At the threshold level, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Physical entrance is not required. *See Burger King Corp.,* 471 U.S. at 476. But what is necessary is a deliberate targeting of the forum. *O'Connor,* 496 F.3d at 312. Thus, the "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *See Hanson,* 357 U.S. at 253. The jurisdictional nexus must also be the result of intentional conduct by the defendant and not merely "random, fortuitous, or attenuated contacts." *Amberson Holdings v. Westside Story Newspaper,* 110 F. Supp. 2d 332, 334 (D.N.J.2000) (internal quotation omitted). Further, contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself. *See Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542–43 (3d Cir. 1985).

In the present case, Plaintiffs contend that Defendants Horvath and Ratner have availed themselves of the forum state. Plaintiffs assert that "the individual Defendant[s] exercised their authority over the" salon locations in the State of New Jersey (Opp. at 5), and they "played a role in deciding not to pay all employees, including New Jersey employees." (Opp. at 6.) Therefore, they "availed themselves to the jurisdiction" of New Jersey because they "knowingly and directly committed . . . acts at residents of New Jersey." (Opp. at 6.) Plaintiffs' argument seemingly rests

on whether Horvath and Ratner's actions within their corporate roles are sufficient to confer jurisdiction.

At the outset, the Court notes that "[a]s a general rule, an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity." *Nicholas v. Saul Stone & Co. LLC,* No. 97–860, 1998 WL 34111036 (D.N.J. June 30, 1998), *aff'd,* 224 F.3d 179 (3d Cir. 2000); *see also Shapiro v. Sun Life Assurance Co. of Can.,* 117 F.R.D. 550 (1987) (holding that defendants' only contacts with the forum state were a result of following company procedures, and therefore, the exercise of jurisdiction over the defendants was unreasonable). In other words, ""'jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Nelligan v. Zai Corp.*, No. 10-1408, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011) (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13 (1984)). Therefore, "each defendant's contacts with the forum State must be assessed individually." *Keeton,* 465 U.S. at 781 n. 13 (citing *Rush v. Savchuk,* 444 U.S. 320, 332 (1980)).

For example, in *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.,* 65 Fed. App'x 844 (3d Cir. 2003), the Third Circuit held that two individual defendants who travelled to the forum state of New Jersey "specifically for the purpose of doing business in New Jersey with a business then located in the state" were not subject to the court's personal jurisdiction. Citing *Nicholas,* 224 F.3d at 184, and *Keeton,* 465 U.S at 781, the court noted that it was "not the business of the individual officers . . . with no identified contact with New Jersey other than in their capacity as corporate agents," that occasioned the few contacts the individual defendants had with the forum state. *MoneyGram,* 65 Fed. App'x at 850. Rather, it was the business of the corporation, for whom the individuals worked, that led them to make the contacts with New Jersey. As such, the court

6

held that the Plaintiff's attempt to "ensnare" the two individual defendants in a "jurisdictional web" ignored the defendants' separate legal identity from their employer, another defendant in that case. *Id.*

The Court finds *Moneygram*'s analysis persuasive and dispositive here. In this case, Horvath and Ratner's only contacts with New Jersey were in the context of their corporate capacities. Outside of their role within the corporation, neither of the Individual Defendants directed any activities towards the forum state. Additionally, even within their corporate capacities, the Individual Defendants had less-substantial contacts with New Jersey than did the defendants in *Moneygram*. In *Moneygram*, the individual defendants were physically present in New Jersey for the purpose of doing business on behalf of their employer, and the Third Circuit nevertheless held that there was no personal jurisdiction. Here, the Individual Defendants traveled to New Jersey merely occasionally for business but were not physically present for a sufficient period of time to justify the exercise of personal jurisdiction.

Additionally, Plaintiffs have failed entirely to meet their burden of proving that this Court may exercise personal jurisdiction over Horvath and Ratner. Plaintiffs may not rest on the allegations in the Complaint. Rather, Plaintiffs were required to establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *See Patterson*, 893 F.2d at 603–04. Because Plaintiffs have failed to attach any such evidence, the Court is further inclined to grant the motion. Accordingly, for each of the aforementioned reasons, the Court finds that it lacks specific jurisdiction over Defendants Horvath and Ratner. Because the Court has neither general or specific jurisdiction over the Individual Defendants, the Court lacks personal jurisdiction.

### C. Waiver

In an attempt to avoid dismissal, Plaintiffs argue that the motion should instead be denied because Horvath and Ratner have waived their right to contest personal jurisdiction. As the Third Circuit has noted, defendants have a right to move for dismissal for lack of personal jurisdiction, but that right is not unlimited. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104–05 (3d Cir. 2019). Rule 12(h) provides that the defense of lack of personal jurisdiction can be waived if a defendant fails to raise it in a timely fashion. Fed. R. Civ. P. 12(h). The right to assert a personal jurisdiction defense can be affirmatively and implicitly waived through conduct. *See, e.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969) ("[P]ersonal jurisdiction may be conferred by consent of the parties, expressly or by failure to object." (citing *Petrowski v. Hawkeye-Security Ins. Co.*, 350 U.S. 495, 496, (1956))).

In line with this rule, the Third Circuit has held that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994). This is particularly true "where a party seeks affirmative relief from a court[.]" *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (citing *Adam v. Saenger*, 303 U.S. 59, 67 (1938)). "There is no bright line rule to determine what level of participation constitutes a waiver of personal jurisdiction." *Air Sea Int'l Forwarding, Inc. v. Global Imports & Tradic, Inc.*, 2008 WL 11510000, at *9 (D.N.J. Apr. 18, 2008). Rather, whether a party has waived their right to object to a lack of personal

8

jurisdiction is a fact-intensive inquiry, but the "cornerstone of waiver is normally when a defendant seeks affirmative relief from the court." *Id.*

Turning to the particular facts of this case, the Court finds that the Individual Defendants have not waived their defense of lack of personal jurisdiction. The case was initiated by Plaintiffs in April 2020. (Doc. 1.) Although, as Plaintiffs note, there are a number of docket entries in this matter, many of those entries were initiated by Plaintiffs or the Court. Plaintiffs have filed several amended complaints, prior to even serving the individual Defendants with these Complaints. (Docs. 1, 6, 7, 8.) Upon entry of the "Suggestion of Bankruptcy" as to Defendant Ratner Companies, L.C., Judge Schneider ordered the parties to file letter briefs as to whether the matter should be stayed. (Doc. 11.) Defendants filed such briefs. (Docs. 12, 14.) In July 2020, Judge Schneider denied the stay. (Doc. 26.) Defendants requested that Judge Schneider reconsider that decision. (Doc. 29.) One month later, Defendants Ratner and Horvath filed their motions to dismiss pursuant to Rule 12(b)(2). (Docs. 40, 41.)

Defendants argue that their participation in the litigation thus far "was done in response to activities initiated by this [C]ourt[] and does not suffice to demonstrate waiver." (Reply at 5.) The Court agrees. This case is unlike the cases that Plaintiffs cite where the Defendants waited years into litigation to first raise the defense of personal jurisdiction. Rather, in this case, Horvath and Ratner raised the defense of personal jurisdiction within their first responsive pleading after being served with the Complaint. The prior litigation regarding the bankruptcy and stay motions was related to the Court's *sua sponte* order to file briefing on the issue. While Defendants could have potentially raised the defense of personal jurisdiction sooner, the Court does not find such delay constitutes a waiver of the defense. Rather, Defendant Ratner and Horvath's participation during this time could be categorized as passive, rather than seeking affirmative relief from the Court.

9

Therefore, the Court does not find under these facts that the Individual Defendants waived their defense of lack of personal jurisdiction. Finding no such waiver, the Court **GRANTS** the motions to dismiss for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons contained herein, (1) Defendant Phil Horvath's Motion to Dismiss (Doc. 40) is **GRANTED**, and (2) Defendant Dennis Ratner's Motion to Dismiss (Doc. 41) is **GRANTED**. An accompanying Order shall issue.

Dated: 3/10/2021                                            /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge